## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JANE UTHSCSA-AS DOE** | § | |
|     **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **C.A. No. _____** |
| **THE UNIVERSITY OF TEXAS** | § | |
| **HEALTH SCIENCE CENTER** | § | |
| **AT SAN ANTONIO** and | § | |
| **MARCEL NOUJEIM** | § | |
|     **Defendants** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE UTHSCSA-AS DOE**" to file her "Plaintiff's

Original Complaint" as follows:

### PREAMBLE

*Plaintiff Jane is a student at The University of Texas Health Science Center at San Antonio seeking a Master's Degree in Oral and Maxillofacial Radiological Studies. For no reasons other than prejudice, malice, an abusive disregard of its students, and the allowance of Jane to be sexually harassed and discriminated against because of her gender, ethnicity and religious background, Plaintiff Jane has been targeted, unfairly treated, and denied educational opportunities otherwise deserved. This a suit for damages and equitable relief stemming from the illegal actions of Defendants taken against Plaintiff Jane.*

### A.  NATURE OF THE SUIT

1.      Plaintiff Jane (defined hereafter) is a female from Iran, of Persian and

Islamic heritage, with a strong medical background before enrolling at Defendant

UTHSCSA (defined hereafter). Rather than allowing Plaintiff Jane to properly pursue her master's program at Defendant UTHSCSA. Defendant UTHSCSA has allowed Defendant Noujeim (defined hereafter) to harass, intimidate, and discriminate against Plaintiff Jane entirely because of her gender, ethnicity and religious background, resulting in numerous academic setbacks and lost opportunities. Plaintiff Jane has been left with no choice to file this Complaint for damages and equitable relief.

2.     Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

(a)     Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.; and

(b)     42 U.S.C. § 1983 with regards to:

(i)     Defendants' violations of the laws of the United States; and

(ii)     Defendants' denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

(iii)     Defendants' denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

(c)     Defendant's actions in violations of provisions of the Texas Constitution; and

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

     (d)    Defendant UTHSCSA's breach of the Educational Contract (defined hereafter).

## B.  <u>PARTIES</u>

3.    Plaintiff "**JANE UTHSCSA-MT DOE**" ("Jane") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendants, Jane is hereby exercising her rights to proceed with this matter anonymously.

4.    The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendants, for the facts are well known to the Defendants. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendants, the protection of Jane's privacy prevails.

5.    At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed to Defendants.

6.    Defendant **THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO** ("UTHSCSA") is a public university owned by, and operating in, the State of Texas that receives grants and other funding from the United States and may be served with summons by serving its President as follows:

**The University of Texas Health Science Center at San Antonio**
**c/o William L. Henrich M.D., President**
**7703 Floyd Curl Drive**
**San Antonio, Texas 78229-3900**

7.      Defendant **MARCEL NOUJEIM** ("Noujeim") is an individual residing

in the State of Texas, is employed by Defendant UTHSCSA, and may be served with

summons by serving Noujeim at his current place of employment, as follows:

**MARCEL NOUJEIM**
**The University of Texas Health Science Center at San  Antonio**
**7703 Floyd Curl Drive**
**San Antonio, Texas 78229-3900**

## C.  JURISDICTION and VENUE

8.       The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331

as involving a *federal question* proceeding arising under 20 U.S.C. § 1681 et. seq.

(Title IX of the Education Amendments of 1972) ("Title IX") and Section 1983 of

Title 42 of U.S.C. ("Section 1983").

9.       Venue is proper in the Western District of Texas (San Antonio Division)

because Defendant UTHSCSA operates its schools in, and from, San Antonio, Bexar

County, Texas, which is within the Western District of Texas. Further, Defendant

Noujeim is employed by Defendant UTHSCSA and also does business in San

Antonio, Bexar County, Texas, which is within the Western District of Texas.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

## D. FACTUAL ALLEGATIONS

### *Who is Plaintiff Jane?*

10.     Plaintiff Jane is an Iranian female of Persian and Islamic heritage, with a strong medical background.

11.     Plaintiff Jane's father is a renowned plastic surgeon. Plaintiff Jane's close and extended family consists of medical doctors of different specialties.

12.     Plaintiff Jane obtained her Dentistry license from the Guilan University of Medical Sciences Dental School of Iran in 2011.

13.     Having practiced Dentistry in Iran for a number of years, Plaintiff Jane made an academic sojourn to the United States of America to further expand her repertoire of Dentistry and strengthen her Dentistry prowess.

14.     With an eye towards this ultimate goal, Jane was admitted to Defendant UTHSCSA's Oral and Maxillofacial Radiology Program ("OMRP") in the Fall of 2016.

15.     Of all the universities in the United States, Plaintiff Jane chose to enroll in Defendant UTHSCSA's OMRP because UTHSCSA offered parallel research opportunities with its renowned Master's degree program.

16.     Plaintiff Jane began her first year residency in earnest and at the end first year, Plaintiff had a 3.78 Grade Point Average.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.03.11

17.     As the first year of the residency program ended and as Plaintiff Jane became more settled into the OMRP program and the American system of Education, Plaintiff resolved to consolidate on the successes attained in her first year residency.

18.     Such resolve has now become impossible due to the prejudicial and discriminatory actions of Defendant Noujeim, whose harassing and discriminatory actions towards Plaintiff Jane have been continuous and condoned by Defendant UTHSCSA.

### Defendants' Actions towards Jane.

19.     Plaintiff Jane's difficulties with Defendant UTHSCSA and Noujeim began during Jane's second semester at UTHSCSA in 2017 and have continued non-stop.

20.     Noujeim has (through his words and actions) has spearheaded a *smear campaign* against Plaintiff Jane, which has become so pervasive, that many of the OMRP Faculty at Defendant UTHSCSA believe that Plaintiff Jane is a poor performing student who is set on bringing the OMRP program to its knees.

21.     Defendant Noujeim is a male and, upon information and belief, is Lebanese with a Christian heritage.

22.     As shown through Noujeim's actions, Noujeim has absolutely no respect for a woman from Iran, of Persian and Islamic heritage.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

23.     The *smear campaign* that Defendant Noujeim began in the Fall of 2017 against Plaintiff Jane continues to this day and has academically harmed Jane and denied Jane academic opportunities and advancement.

24.     Defendant UTHSCSA has turned a blind eye to Noujeim's actions targeted against Plaintiff Jane, thereby condoning and assimilating the actions of Noujeim. Consequently, Plaintiff Jane has endured and  continues to be subject to the following:

a)      Noujeim routinely made inappropriate comments to, and about, Plaintiff Jane with sexual overtones that were rejected by Plaintiff Jane;

b)      In retaliation for Noujeim's sexual approaches to Plaintiff Jane being rebuffed, Noujeim began continuous efforts to harass, embarrass, and defame Plaintiff Jane with the hope that Jane would leave Defendant UTHSCSA;

c)      Noujeim has engaged in indiscriminate and abusive power plays by threatening Plaintiff Jane with academic dismissal and academic probation, then furthering the threat by stating that Jane would then remain on academic probation;

d)      In furtherance of the above mentioned academic probation mantra, Noujeim has threatened to institute required remedial plans for Plaintiff Jane;

e)      As part of Noujeim nefarious plan to kick Plaintiff Jane out of the OMRP program, Noujeim purposely instituted an unprecedented (in the history of the residency) and non-standardized high bench mark test and then required that

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.03.11

only Jane take and successfully pass in order to remain in the OMRP program;

f)   Noujeim has made false allegations against Plaintiff Jane;

g)   Noujeim has verbally abused Plaintiff Jane;

h)   Noujeim has openly made fun of Jane's accent in the presence of the other students;

i)   Noujeim has exceeded powers vested in his office by manipulating exam and tests schedules to ensure that Plaintiff Jane had little chance of succeeding on such tests;

j)   Noujeim has engaged in blatant acts of favoritism towards particular students to the detriment of Plaintiff Jane;

k)   Noujeim denied Jane's summer vacation while at the same time granted an extended summer vacation request of Noujeim's favorite student;

l)   Noujeim enlisted the assistance of Noujeim's "Favorite Student" to spread lies among Plaintiff Jane's colleagues and other faculty members;

m)   Noujeim has taken steps to purposely isolate Jane from certain co-residents;

n)   Noujeim convened a panel of faculty whose sole purpose was to give credence to the false lies and accusations concocted by Noujeim and strategically place Plaintiff Jane in a position where the purported academic dismissal was imminent;

o)   Noujeim attempted to coerce Jane to sign a withdrawal form, which would have ultimately dismissed Jane from the program;

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

p)   When Plaintiff Jane refused to sign said withdrawal form, Noujeim proceeded to implement his past threats towards Jane;

q)   Noujeim stated that he (Noujeim) would make Plaintiff Jane's life "hell" and that Jane "would regret staying" in the OMRP program;

r)   In direct contravention of the OMRP and Defendant UTHSCSA policy, certain OMRP faculty secretly and retroactively changed Plaintiff Jane grades to back up Noujeim's plan to kick Plaintiff Jane out of the program;

s)   Noujeim often used disparaging and demeaning comments towards Plaintiff Jane;

t)   Noujeim displayed a lack of civility when communicating with Plaintiff Jane including instances of shouting, displays of temper, and the use of belittling and humiliation language;

u)   Noujeim violated Plaintiff Jane's student privacy rules by sharing Jane's academic performance and grades with students in the department;

v)   Noujeim asked another Iranian student why Plaintiff Jane's accent and spoken English was not as good as that particular student;

w)   Noujeim would "use grading or other forms of evaluation in a punitive or retaliatory manner" against Plaintiff Jane;

x)   Noujeim manipulated clinic schedules such that Plaintiff Jane's clinic schedule was several times more challenging than other students;

9

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

y)     After Plaintiff Jane formally filed various complaints against Noujeim, Noujeim began to tell Jane that Noujeim "loved her" (Jane) and kissed Jane on the head, hoping that Jane should drop the complaints;

z)     With Plaintiff Jane Refusing to drop the various complaints, Noujeim then stated: If I go down, I'm bring (Jane) down with me;

aa)    Noujeim continues to spread lies about Plaintiff Jane to her colleagues, professors, and other students attending Defendant UTHSCSA; and

bb)    Noujeim continues to spread lies about Plaintiff Jane among Jane's professional colleagues outside of Defendant UTHSCSA.

For the purposes hereof, the foregoing actions shall collectively be referred to hereafter as "Noujeim's Harassment."

25.    On a departmental level, Noujeim's Harassment against Plaintiff Jane continues to this day as a number of Plaintiff Jane's 2017 semester grades were retroactively changed during the Fall 2017 ("Improper Grading").

26.    Noujeim's Improper Grading was executed in a manner that contravenes the OMRP departmental policy in violation of the university catalog that governed Jane's admission to Defendant UTHSCSA ("Educational Contract").

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

27.     In trying to contain Noujeim's Harassment and address the Improper Grading, Plaintiff Jane approached faculty at various levels, collectively referred to as hereafter as the "Upper Echelon."

28.     Plaintiff Jane filed numerous grievances and appeals with the Upper Echelon to address Noujeim's Harassment and Improper Grading.

29.     Unfortunately, Plaintiff Jane's experiences with the Upper Echelon have also been unsatisfactory.

30.     False accusations, rejected claims of discrimination, and the imposition of arbitrary sanctions is how the Upper Echelon has dealt with Plaintiff Jane.  For the purposes hereof, the foregoing actions of the Upper Echelon shall collectively be referred to hereafter as "Lies and Penalties."

### Harm to Jane.

31.     Because of Noujeim's Harassment and the Lies and Penalties, Plaintiff Jane's academic and profession life is on the verge of ruins.

32.     As a result of Noujeim's Harassment and the Lies and Penalties, Plaintiff Jane was denied the right to proceed with the "Board Tests" independently administered by the American Board of Oral and Maxillofacial Radiology.

33.     Plaintiff Jane's inability to timely take the Board Tests has forever delayed Jane's entry into the field of dentistry in the United States.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

34.    For the purposes of this matter, Noujeim's Harassment, the Improper Grading, the Lies and Penalties, the retaliation for Plaintiff Jane speaking openly as to the failures of Defendants, the actions of the Upper Echelon, and the violations of the Educational Contract applicable to Jane, and the inability to take the Board Tests shall be collectively referred to hereafter as the "Civil Rights Violations."

35.    Plaintiff Jane has suffered severe physical (including a seizure), emotional, and economic harm as a result of the Civil Rights Violations committed by Defendants and shall suffer future physical, emotional, and economic harm.

36.    The Civil Rights Violations committed by Defendants as to Plaintiff Jane were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Jane would follow her for the rest of her life, and are deemed actions of complete indifference to Jane and the Civil Rights Violations.

37.    The Civil Rights Violations committed by Defendants against Plaintiff Jane constitute disparate treatment based on Jane's gender, ethnicity, and religion.

*Defendants' Action Under the Color of State Law.*

38.    The administrators participating in the Civil Right Violations committed against Plaintiff Jane are the applicable policy makers of Defendant UTHSCSA, or, were individuals assigned by such policymakers, and were implementing the policies

**PLAINTIFF'S ORIGINAL COMPLAINT**

and customs of Defendant UTHSCSA when committing the Civil Rights Violations against Plaintiff Jane.

39.     Further, if such policies are not, in fact written, each of the administrators participating in the Civil Rights Violations (as applicable policymakers, or, as individuals assigned by such policymakers) were implementing the policies and customs of Defendant UTHSCSA in accord with the customs and practices of Defendant UTHSCSA.

### *Administrative Remedies.*

40.     There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendants have shown that such efforts would be futile or are otherwise moot.

41.     As a result of the Civil Rights Violations targeted at Plaintiff Jane by Defendants, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

42.     All conditions precedent to Plaintiff Jane bringing these claims have been met.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

### E.   PLAINTIFF'S CAUSE OF ACTION

43.    Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: TITLE IX

44.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTHSCSA falls under the jurisdiction and requirements of Title IX.

45.    The gender and ethnicity nature of the Civil Rights Violations committed by Defendants towards Plaintiff Jane were so severe, pervasive, and objectively offensive that Plaintiff Jane was deprived access to educational opportunities or benefits provided by Defendant UTHSCSA, such denial being in violation of Title IX of the Education Amendments of 1972 ("Title IX").

46.    Defendants and its officials had actual knowledge of the referenced Title IX violations committed against Plaintiff Jane.

47.    Defendants failed to take immediate, effective remedial steps to resolve the referenced Title IX violations committed against Plaintiff Jane.

48.     Rather, Defendants acted with deliberate indifference toward Plaintiff Jane.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

49.     Defendants persisted in their actions and inaction even after Defendants had actual knowledge of the harm being suffered by Plaintiff Jane.

50.     Defendants engaged in a pattern and practice of behavior designed to discourage and dissuade other students (who were also threatened with, and subjected to, similar Title IX violations) from seeking protection from, and prosecution of, Title IX violations.

51.     Plaintiff Jane has suffered economic, emotional distress, and psychological damage to Jane's character, prestige, standing in Jane's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendants' deliberate indifference to Plaintiff Jane's rights under Title IX.

52.     The Civil Rights Violations committed by Defendants towards Plaintiff Jane were intentional discrimination based on Plaintiff Jane's gender and ethnicity, in violation of Title IX.

53.     As a result of the foregoing, Plaintiff Jane hereby seeks recovery of all actual and consequential damages available to her in accordance with Title IX.

## **COUNT TWO: SECTION 1983**

54.      Under the First Amendment to the Constitution of the United States, Plaintiff Jane has the right to express, both verbally and in writing, her dissatisfaction

with (a) Defendant UTHSCSA, a public university receiving funding from the United States, and (b) Defendant Noujeim, an employee of Defendant UTHSCSA.

55.     Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff Jane has the right, as a student attending a publicly funded graduate school, to be free from the Civil Rights Violations committed by Defendants.

56.     Because of the Civil Rights Violations committed by Defendants, Plaintiff Jane has been denied her guaranteed free speech, equal protection, procedural due process, and substantive due process rights as set forth in the First and Fourteenth Amendments. As a result of such violations, Defendants have violated Jane's right under 42 U.S.C. § 1983 (hereafter, "Section 1983 Violations").

57.     Defendants were all state actors acting under the color of state law while committing the Section 1983 Violations as to Plaintiff Jane.

58.     Defendants further subjected Plaintiff Jane to Section 1983 Violations by condoning, failing to investigate, and failing to adequately train and supervise against the commission of the Civil Rights Violations committed against Plaintiff Jane.

59.     Defendants have followed the foregoing customs and policies, resulting in the Section 1983 Violations, not only with regard to Plaintiff Jane but also as to other students of Defendants.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.03.11

60.    Plaintiff Jane has suffered economic, emotional distress, and psychological damage to Jane's  character, prestige, standing in Jane's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendants' Section 1983 Violations as to Plaintiff Jane.

61.    Plaintiff Jane has suffered economic, emotional distress, and psychological damage to her  character, prestige, standing in her  community as well as a loss of benefits and opportunities as a direct and proximate result of Defendants' deliberate indifference of Defendants' Section 1983 Violations as to Plaintiff Jane.

62.    As a result of the foregoing, Plaintiff Jane hereby seeks recovery of all actual and consequential damages available to her in accordance with Section 1983.

## COUNT THREE: BREACH OF CONTRACT

63.    The Civil Rights Violations committed by Defendants against Plaintiff Jane included breached of the Educational Contract.

64.    Plaintiff Jane has suffered economic damage as a direct and proximate result of Defendant UTHSCSA's breach of the Educational Contract.

65.    As a result of the foregoing, Plaintiff Jane hereby seeks recovery of all actual and consequential damages available to her arising from such breach.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

## COUNT FOUR: VIOLATIONS OF THE TEXAS CONSTITUTION

64. As a university owned and operated by the State of Texas, Defendant UTHSCSA's action are also subject to scrutiny of protections created by the Texas Constitution.

65. The Civil Right Violations committed by Defendant UTHSCSA against Plaintiff Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's' rights under the Constitution of the State of Texas.

66. Specifically, the Civil Rights Violations committed by Defendant UTHSCSA towards Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

      (a)    the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

      (b)    the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;

      (c)    the equal protection requirements of the Texas Constitution found in Article I, Section 3;

      (d)    the freedom of speech protections of the Texas Constitution found in Article I, Section 8; and

      (e)    the Equal Rights Amendment to of the Texas Constitution found in Article 1, Section 3a.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

67.    The Violations of the Texas Constitution committed by Defendant UTHSCSA as to Plaintiff Jane have caused Plaintiff Jane to suffer a loss of benefits and created economic losses.

68.     The Violations of the Texas Constitution committed by Defendant UTHSCSA as to Plaintiff Jane  have caused Plaintiff Jane to suffer mental and emotional distress and damages.

69.    Although Plaintiff Jane, as a private party living in the State of Texas, has no standing to seek monetary damages for the  Violations of the Texas Constitution committed by Defendant UTHSCSA as to Plaintiff Jane, Plaintiff Jane does seek the equitable relief to which Plaintiff Jane is entitled by Texas jurisprudence, including but not being limited to:

(a)    reinstatement (to Plaintiff Jane) of course grade that Jane would have been entitled to had the Civil Rights Violations not occurred; and

(b)    requiring Defendant UTHSCSA to strike (from the records of Defendant UTHSCSA) all negative information, emails, evaluations, and materials as to Plaintiff Jane.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.03.11

## COUNT FIVE: PUNITIVE DAMAGES

70.    The Civil Rights Violations committed by Defendants against Plaintiff Jane in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to Section 1983, for which Plaintiff Jane now seeks in an amount of $5,000,000.00.

## COUNT SIX: ATTORNEYS' FEES

71.    Plaintiff Jane should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## COUNT SEVEN: PRE and POST JUDGMENT INTEREST

72.    Plaintiff Jane also requests pre and post judgment interest as may be allowed by applicable law.

## F.  REQUEST FOR JURY

73.    Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution, with the tender hereby of such jury as may be necessary.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.03.11

## G.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendants; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including pre and post judgment interest; that Plaintiff Jane be granted the equitable relief requested; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendants; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By:_____
    Terry P Gorman, Esq.
    Texas Bar No. 08218200
    tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 320-9177
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
JANE UTHSCSA-MT DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.03.11